# UNITED STATES DISTRICT COURT
## EASTERN DISTICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 15-CR-109<br>USM Number: 13651-089 |
| BRANDI KNIEBES-LARSEN | |
| | Kevin D. Musolf     Daniel R. Humble<br>Defendant's Attorney     Assistant United States Attorney |

THE DEFENDANT pled guilty to one of the indictment and is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(b)(1)(B) and 18 U.S.C. § 2 | Conspiracy to Distribute 100 Grams or More of Heroin | September 5, 2014 | One |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED, that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed: November 24, 2015

s/ William C. Griesbach
Chief Judge, United States District Court

Date Judgment Entered: December 1, 2015

DEFENDANT: BRANDI KNIEBES-LARSEN
CASE NUMBER: 15-CR-109

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred forty-four (144) months as to count one of the indictment.

☒ The court makes the following recommendations to the Bureau of Prisons:
Placement at a facility as close to home as possible. Participation in the 500-hour drug treatment program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
with a certified copy of this judgment.

_____
United States Marshal

_____
By: Deputy United States Marshal

DEFENDANT:  BRANDI KNIEBES-LARSEN
CASE NUMBER:  15-CR-109

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ten (10) years as to count one of the indictment.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.  The defendant shall not commit another federal, state or local crime.  The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.

☒ The defendant shall not possess a firearm.
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.
☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.
☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer, subject to his Fifth Amendment right against self-incrimination, and follow the instructions of the probation officer;
4. the defendant shall use his best efforts to find and hold lawful employment, unless excused by the probation officer for schooling, training, or other acceptable reasons;
5. the defendant shall notify the probation officer at least ten days prior to any change in his place of residence or employment. When such notification is not possible, the defendant shall notify the probation officer within 72 hours of the change.
6. the defendant shall not knowingly go to places or enter buildings where controlled substances are illegally sold, used, distributed, or administered;
7. the defendant shall not associate with any persons known by him/her to be engaged, or planning to be engaged, in criminal activity.  "Associate," as used here, means reside with or regularly socialize with such person;
8. the defendant shall permit a probation officer to visit him or her at reasonable times at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
9. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer; and

DEFENDANT:  BRANDI KNIEBES-LARSEN
CASE NUMBER: 15-CR-109

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is to participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by the supervising probation officer, until such time as he or she is released from such program.  The defendant shall pay the cost of this program under the guidance and supervision of the supervising probation officer.  The defendant is to refrain from use of all alcoholic beverages throughout the supervised release term.
2. The defendant shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation and counseling as approved by the supervising probation officer.  The defendant shall pay the cost of such treatment under the guidance and supervision of the supervising probation officer.

DEFENDANT:  BRANDI KNIEBES-LARSEN
CASE NUMBER:  15-CR-109

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$100.00** | **$**0.00 | **$**0.00 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| **PAYEE** | **AMOUNT** |
|---|---|

**TOTAL:**

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.
☐ Restitution amount ordered pursuant to plea agreement: $_____.
☐ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☐ restitution.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: BRANDI KNIEBES-LARSEN
CASE NUMBER: 15-CR-109

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $100.00 due immediately

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**C** ☐ Payment in equal monthly installments of not less than $_____ or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after the date of this judgment; or

**D** ☐ Payment in equal monthly installments of not less than $_____ or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within 30 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties: _____

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several (Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate): _____

☐ The defendant shall pay the cost of prosecution; or ☐ The defendant shall pay the following court costs:

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: 921 Louise Road, Neenah WI. The parties agree to the entry of final order of forfeiture:
 a. Forfeiting to the United State one-half of either: (1) all right, title and interest in the Real Property or, (2) if the Real Property has already been sold, one-half of the net proceeds of the sale of the Real Property; and
 b. Returning to Charles Kniebes-Larsen one-half of either (1) all right, title and interest in the Real Property or, (2) if the Real Property has already been sold, one-half of the net proceeds of the sale of the Real Property. In any event, Charles Kniebes-Larsen shall receive payment consisting of one-half the net proceeds of the sale of the Real Property only after the Real Property has been sold.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.